

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

# LETTER OPINION

February 16, 2010

John A. Ridley
Meredith Ramirez Murphy
Drinker Biddle & Reath LLP
500 Campus Drive
Florham Park, New Jersey 07932

    (*Attorneys for Plaintiff*)

Audrey L. Shields
Golden, Rothschild, Spagnola, Lundell, Levitt & Boylan, PC
1011 Route 22 West
Suite 300
P.O. Box 6881
Bridgewater, New Jersey 08807

    (*Attorney for Defendant*)

    RE:    **Hartsfield, Titus & Donnelly LLC v. Loomis Co.
                Civ. No. 08-3329 (WJM)**

Dear Counsel:

    Plaintiff Hartsfield, Titus & Donnelly LLC ("Hartsfield") brings this action against its third-party employee benefits administrator, the Loomis Company ("Loomis"), alleging various breaches of fiduciary duty and contract. These alleged breaches stem from overpayments made by Loomis on Hartsfield employees' infertility and mental health claims. Following the close of discovery, Hartsfield filed the instant motion for

summary judgment. After review of the briefing and the relevant case law, Hartsfield's motion is **GRANTED**.

I.  BACKGROUND

Hartsfield is a municipal securities brokerage firm, with its principal place of business in Jersey City, New Jersey. Loomis, a Pennsylvania insurance agency and brokerage firm, served as Hartsfield's employee benefits plan administrator from 2001 through 2009. (Cert. of John J. Lynch ("Lynch Cert.") ¶¶ 4, 13.) Pursuant to the parties' Benefit Services Management Agreement, effective June 1, 2001, and Administrative Services Agreement, effective June 1, 2006, Loomis was required to review the qualification of claims under Hartfield's employee health benefit plan ("the Plan"). (Cert. of Meredith Murphy ("Murphy Cert."), Ex. C ¶ 1; Ex. D ¶1.) In addition, Loomis was vested with authority to make payment on those claims directly from the Plan's account. (Murphy Cert., Ex. C ¶¶ 2, 3; Ex. D ¶¶ 2, 3.)

Hartsfield and Loomis agree that Loomis made payments in excess of the maximum amount allowable under the Plan to three Hartsfield employees. (Murphy Cert., Ex. A ¶¶ 31, 36; Ex. B ¶¶ 31, 36.)[1] Specifically, the parties agree that Loomis made payments to two employees in excess of the $10,000 cap on infertility claims and to one employee in excess of the $35,000 lifetime maximum for substance abuse treatment claims. (Murphy Cert., Ex. C ¶¶ 35, 38, 50, 58; Ex. D ¶¶ 35, 38, 50, 58; *see also* Def.'s Opp. Br., Ex. D.)

After an audit of the three Hartsfield employees' claims was performed, Hartsfield notified Loomis of the overpayments. (Murphy Cert., Ex. A ¶ 37; Ex. B ¶ 37.) To recoup the overpayments, Loomis informed Hartsfield that it wished to seek reimbursement from the employees themselves or from the medical providers who received the payments. (Def.'s Opp. Br., Ex. D.) Hartsfield balked at the mention of reimbursement from its employees, stating that such contacts could lead to their employees leaving the company. (Def.'s Opp. Br., Ex. E.)

The parties now dispute whether, through this communication, Hartsfield precluded Loomis from pursuing recoupment of the overpayments. Notably, the letter in question does not take a position on, or even mention, Loomis' potential recovery from the medical providers who received the overpayments. *Id.*

Hartsfield filed the instant action on July 2, 2008. This five-count complaint

---

[1] Under Federal Rule of Procedure 8(b)(6), "[a]n allegation ... is admitted if a responsive pleading is required and the allegation is not denied." Thus, Loomis' admission in its Answer that it made payments in excess of the maximum amounts permissible under the Plan constitutes a fact established for the purpose of this motion.

asserted the following: (1) breach of fiduciary duty under the Employee Retirement Income Security Act ("ERISA"), premised on Loomis' alleged failure to exercise due care; (2) ERISA breach of fiduciary duty, asserting Loomis' alleged failure to administer plan in accordance with plan documents; (3) ERISA breach of contract; (4) common law breach of contract; and (5) breach of implied covenant of good faith and fair dealing. After the close of the discovery, Hartsfield moved for summary judgment, pursuant to Federal Rule of Civil Procedure 56. In its papers, Hartsfield discusses only the ERISA breach of fiduciary duty counts.[2]

## II.     STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of showing that no genuine issue of material fact exists rests initially on the moving party. *Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986). A litigant may discharge this burden by exposing "the absence of evidence to support the nonmoving party's case." *Id.* at 325. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). In evaluating a summary judgment motion, a court must view all evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Goodman v. Mead Johnson & Co.,* 534 F.2d 566, 573 (3d Cir.1976).

## III.    DISCUSSION

Simply put, an ERISA breach of fiduciary duty claim brought under Section 502(a)(2) is established by demonstration that: (1) a plan fiduciary (2) breaches an ERISA-imposed duty (3) causing a loss to the plan. *Leckey v. Stefano*, 501 F.3d 212, 225-26 (3d Cir. 2007); 29 U.S.C. § 1132(a)(2). The Court now will consider each of these elements *seriatim*.

### A.     Loomis is a Fiduciary

As stated above, Plaintiffs first must establish that Loomis is a fiduciary. In its

---

[2] While neither party raises this point, it is likely that Hartsfield only discusses the ERISA counts because its common law counts – breach of contract and breach of the implied covenant of good faith and fair dealing – are preempted. *See Majka v. Prudential Ins. Co. of America*, 171 F.Supp.2d 410, 414 (D.N.J. 2001) (holding that Plaintiff's breach of contract and of the duty of good faith and fair dealing claims "undoubtedly 'relate to' Plaintiff's ERISA plan and are therefore preempted.").

opposition brief, Loomis argues that it should not be deemed an ERISA fiduciary since it expressly disclaimed fiduciary status in its contracts with Hartsfield.  This argument is unavailing for two reasons.

First, an entity's status as a fiduciary hinges not solely on whether it is named as such in a benefit plan, but also on whether it "exercises discretionary control over the plan's management, administration, or assets."  *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 252 (1993) (citing 29 U.S.C. § 1002(21)(A)); *see also Bd. of Tr. of Bricklayers & Allied Craftsmen Local 6 of N.J. Welfare Fund v. Wettlin Assocs., Inc.*, 237 F.3d 270, 274 (3d Cir. 2001).  Here, it is undisputed that Loomis was contractually obligated to weigh the qualification of claims submitted and make payment of those qualifying claims from plan assets.  *See* Compl. Ex. A (2001 Benefit Services Management Agreement); Def.'s Resp. to Pl.'s St. of Material Facts ¶ 10; Cert. of Meredith Murphy ("Murphy Cert."), Ex. C ¶ 1; Ex. D ¶1.  As such, under the functional definition of fiduciary set forth in Section 1002(21)(A), Loomis qualifies as a fiduciary.  Notably, Loomis points to no case law holding to the contrary.

Second, an ERISA fiduciary cannot disclaim this status.  While Loomis points to contractual language in which it states that it shall not be a named fiduciary, such disclaimers exonerating fiduciaries from their responsibilities are legally void.  *See* 29 USC § 1110(a) ("[A]ny provision in an agreement or instrument which purports to relieve a fiduciary from responsibility or liability for any responsibility, obligation, or duty under this part shall be void as against public policy.").

Accordingly, based on the evidence in this record, the Court finds no material facts in dispute and determines that Loomis was an ERISA fiduciary.

>B.     <u>Loomis Breached Its Fiduciary Duties</u>

Hartsfield next asserts that Loomis acted negligently in making the overpayments, and that these negligent acts constituted a breach of fiduciary duty.  In response, Loomis contends that Hartsfield has failed to show the "bad faith" required for a breach of fiduciary duty claim.  This argument is equally unavailing.

Bad faith is not a prerequisite to a breach of fiduciary duty claim. While Loomis cites to a Third Circuit case – *Burke v. Latrobe Steel Co.*, 775 F.2d 88, 91-92 (3d Cir. 1985) – in support of its argument that bad faith must be shown to set forth a breach, it appears that subsequent case law has abrogated *Burke*.  In *Leckey v. Stefano*, 501 F.3d 212, 223 (3d Cir. 2007), the Court stated the lower court "read *Burke* too broadly" in ruling that a plaintiff must show "bad faith" to prevail on an ERISA breach of fiduciary duty claim.  Instead, the Circuit looked to trust law in stating that a showing of fault – in the form of bad faith <u>or</u> negligence – is required for a Section 502(a)(2) claim.

While Loomis is correct that negligence may not be presumed, here it has been

4

established.  Loomis does not dispute the clarity of the plan language nor does it argue that it misunderstood the nature of its responsibilities.  Instead, Loomis concedes that it made the overpayments, despite its obligation to vet the qualifications of each submitted claim before making payments out of the Hartfield Plan fund.  There is no material fact in dispute.   As a fiduciary, Loomis owed a duty to the Plan both under the terms of its agreements, *see* Compl. Ex. A at 2, and under the duty of prudence.  *See In re Unisys Savings Plan Litig.*, 74 F.3d 420, 434 (3d Cir. 1996) ("ERISA requires that a fiduciary shall discharge his duties 'with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise with like character and with like aims'") (quoting 29 U.S.C. § 1104(a)(1)(B)).  By both failing to properly process claims and making payment on unqualified claims, Loomis breached its duty under its agreements and did not act with the care and prudence expected under the circumstances.

As such, there are no material issues of fact in dispute on this issue, and the Court determines that Loomis breached its fiduciary duties.

### C. Loomis Caused a Loss to the Plan

Finally, Loomis' breach caused a loss to the Plan. While Loomis contends that this is not a proper breach of fiduciary duty claim under ERISA Section 502(a)(2), this argument is unsupported by the caselaw.

Loomis argues that Plaintiff brings an improper Section 502(a)(2) action, since the relief sought is a benefit that flowed directly to three plan participants.  While Loomis is correct that recovery under this Section inures to the benefit plan as a whole, *see Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140 (1985), after review of the Complaint, it appears that Loomis' characterization of the relief sought is incorrect.  Hartsfield seeks an award of damages to the benefit plan to make the plan whole.  *See* Murphy Cert., Ex. A at 10 ("Hartsfield demands judgment against Loomis: [a]warding damages to the Benefit Plan …").  The fact that the overpayments made by Loomis inured to the benefit of plan participants does not render this an improper 502(a)(2) action.  The improper payments were made from Plan assets; therefore, Hartsfield, as a Plan fiduciary, may sue to seek redress on behalf of the Plan from Loomis.  *See* 29 U.S.C. § 1132(a)(2).  As such, Plaintiff has demonstrated damage to the Plan and has established the three requisite elements of an ERISA breach of fiduciary duty claim.

### D. Damages

Since Plaintiff has established liability, the Court now turns to the issue of damages.  Plaintiff seeks $85,114.67 in damages on behalf of the Plan, stemming from the following overpayments: (1) $31,929.24 on G.D.'s infertility claims; (2) $38,371.86 on E.H.'s infertility claims; and (3) $14,813.57 on G.G.'s substance abuse claims.[3]

---

[3] While the names of the benefit recipients are set forth in the briefing, given the sensitive nature

In opposition to Hartsfield's request, Loomis first contends that Hartsfield should not recover any damages, since it "foreclosed" Loomis from pursuing reimbursement from the recipients of the overpayments and their health care providers. This argument is somewhat belied by the facts, as Loomis attached copies of reimbursement requests made to medical providers to its opposition brief. *See* Def.'s Opp. Br. Exs. G, H. Loomis presents no evidence that it was barred by Hartsfield from reaching out to physicians. Further, Loomis presents no case law on point demonstrating that it was entitled to mitigate its damages.[4]

Next, Loomis disputes the amount of the overpayments to E.H.[5] While Hartsfield provides spreadsheets detailing each payment made to E.H. for medical treatment and prescriptions totaling $48,372.86 (or $38,372.86 in excess of the maximum), Loomis points to no evidence to support its claim that this figure is incorrect. Once Hartsfield offered factual support for its computation of the overpayments, Loomis was required to make some factual showing in kind to demonstrate material facts in dispute for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) ("Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."). Loomis plainly has failed to do so here. Accordingly, Loomis is liable to the Plan for $85,114.67 in damages.

### E. Prejudgment Interest

Finally, Hartsfield requests prejudgment interest. Loomis opposes this request, arguing that Hartsfield should not be rewarded for protracting this litigation by denying Loomis the opportunity for recoupment.

The awarding of prejudgment is committed to the district court's discretion. Generally, prejudgment interest is to be "given in response to considerations of fairness

---

of their claims, the Court shall refer to each only by his or her initials.

[4] While Loomis offers no case law on mitigation, it attempts to analogize to the law of subrogation. Specifically, Loomis quotes *Fidelity & Cas. Co. of N.Y. v. First Nat'l Bank of Ft. Lee*, 397 F. Supp. 587 (D.N.J. 1975), for the proposition that "if an insured impedes a carrier's subrogation rights or prejudices the carrier's rights to seek subrogation under a policy of insurance, the insured cannot collect under that policy." (Def.'s Opp. Br. 15-16). Thus, Loomis argues that since Hartsfield did not allow Loomis to recoup the overpayments from Hartsfield employees, Hartsfield should not be allowed to collect damages now. The problem with this argument is that Hartsfield is not seeking damages on its own behalf, nor is it the entity to whom damages are owed. Loomis breached its duty to the Plan and is therefore liable to "make good to the Plan any losses." 29 U.S.C. § 1109. Accordingly, any analogy to the law of subrogation is inapposite.

[5] Loomis explicitly does not contest the amount paid to G.D. and G.G.

[and] denied when its exaction would be inequitable." *Anthuis v. Colt Indus. Operating Corp.*, 971 F.2d 999, 1010 (3d Cir.1992). Further,

> Awarding prejudgment interest is intended to serve at least two purposes: to compensate prevailing parties for the true costs of money damages incurred, and, where liability and the amount of damages are fairly certain, to promote settlement and deter attempts to benefit from the inherent delays of litigation. Thus prejudgment interest should ordinarily be granted unless exceptional or unusual circumstances exist making the award of interest inequitable.

*Id.* While Loomis' mitigation argument is somewhat appealing, it points to no case law discussing an entitlement to recoupment in these circumstances. In the absence of such demonstration by Loomis, there is no basis in the record upon which to find "exceptional or unusual circumstances" that would make the award of interest inequitable. Accordingly, Plaintiff's request for prejudgment interest is granted. Plaintiff shall calculate interest and submit it to the Court in the form of a certification.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is **GRANTED**. Further, Plaintiff shall calculate prejudgment interest and submit it in the form of a certification to the Court within thirty (30) days. An Order follows this Letter Opinion.

 /s/ William J. Martini  
**WILLIAM J. MARTINI, U.S.D.J.**